**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| B. Spain,<br><br>  Plaintiff,<br><br>  vs.<br><br>EMC Mortgage Company, *et al.*,<br><br>  Defendants. | No. CIV 07-0308-PHX-RCB<br><br>O R D E R |

   In this action, asserting federal question jurisdiction based upon alleged violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, plaintiff B.Spain names approximately 48 defendants[1] and "1-100" fictitious

---

[1] Nearly all of these defendants are moving for dismissal and/or summary judgment. For ease of reference the court has taken the liberty of grouping the moving defendants as follows, based upon their shared counsel:

   (1) "Poli & Ball" comprised of Poli & Ball, P.L.C.; James E. Shively and K. Scott Reynolds;
   (2) "EMC" comprised of EMC Mortgage Corporation and LaSalle Bank, N.A.;
   (3) "Pite Duncan" comprised of Pite Duncan & Melmet, LLP, now known as Pite Duncan, LLP; Josephine E. Piranio; David E. McAllister; Moss Pite & Duncan, LLP, now known as Pite Duncan, LLP; Steven W. Pite; Robert W. Bradley; Michelle Abrams; Francine Iriarte; and Kristin A. Schuler-Hintz;
   (4) "Quality Loan" comprised of "Quality Loan Service Corp. [sic]; Chris Malipit, [sic]; Matthew A. Silverman; and Paul M. Levine[,]" doc. 49 at 1;

"John and Jane Doe[]" defendants. Amended Complaint ("FAC") (doc. 4) at 2. This prolix complaint is the subject of no less than 19 motions currently pending before the court.[2]

### *Background*

Despite his *pro se* status, plaintiff Spain is not a litigation neophyte. He was a claimant in a District of Arizona bankruptcy proceeding which spanned more than a decade. Ultimately the Bankruptcy Court found that plaintiff's "liens and encumbrances . . . placed upon the real properties of [the bankrupt estate of Norma J. Hurt] [were] null and void[.]" B. Spain v. Eagleburger Law Group, et al., 06-0712-PHX-ROS ("Spain I") (Doc. 92) (Nov. 7, 2006) at 2 (internal quotation marks omitted). The Bankruptcy Court further "enjoined [Spain] from bringing any action or filing, or causing to be filed any lien or claim against the property of [the bankrupt estate][.]" Id. (internal quotation marks omitted). After unsuccessful appeals, the United States Supreme Court denied *certiorari.* See id.

In addition to his extensive involvement in the Hurt bankruptcy, in 2004 plaintiff commenced a federal action in Colorado ("Spain I"). That action was transferred to this district on March 9, 2006. As will be seen, plaintiff's amended complaint in Spain I bears a striking resemblance to his FAC in this action.

---

(5) "Ruyle" comprised of Ralene Ruyle; Beverly Sibblies; Jeffrey Mayer; Jonathan Babko; Mark Ehrenreich; Scott Samlin; Sherri Lauritsen; Sue Stepanek; Virginia Darrow; Domic Cagigal; Julie Jacklet; Monica Meza and Bobbi McGarrh; and
(6) "NBI" comprised of NBI, LLC; Clifton L. Burgener; B. Frank Berry; Joe L. Cook; Flynn Powers; and Renee Walton.

[2] Finding oral argument unnecessary, the court denies the various' parties request for same.

1 On November 7, 2006, the court dismissed <u>Spain I</u> for failure to
2 state a claim.  <u>Spain I</u>, doc. 92.  Thereafter the court denied
3 plaintiff's motion to vacate that dismissal order and denied his
4 motion to disqualify the judge.  On January 5, 2007, the court in
5 <u>Spain I</u> ordered plaintiff not to "file any more motions[]" and
6 further ordered the Clerk of the Court "not to accept further
7 motions or pleadings in th[at] case."  <u>Id.</u>, doc. 98 at 1 and 2.

8 Slightly more than a month later, on February 12, 2007,
9 plaintiff filed the present action.  Although the factual predicate
10 differs from <u>Spain I</u>, the legal theory is the same - alleged RICO
11 violations.  The next day, February 13, 2007, plaintiff filed the
12 FAC which is the subject of the pending motions.

### *Discussion*

### *I.  Rule 12 Dismissal Motions*

15 Poli & Ball are moving for dismissal pursuant to Fed. R.
16 Civ. P. 12(b)(1) for lack of subject matter jurisdiction arguing
17 that plaintiff has no standing to bring this action (doc. 30).[3]
18 Defendants Pite Duncan and BOA are moving for dismissal on this
19 basis as well.[4]  <u>See</u> Doc. 42; and Doc. 67.  These moving defendants
20 also are seeking dismissal on other grounds. Alternatively, Poli &
21 Ball is moving for a more definite Statement under Fed. R. Civ. P.
22 12(e) (doc. 30 at 1); and it is cross moving for summary judgment
23 (doc. 37).  In addition to arguing lack of standing, Pite Duncan
24 urges dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state

---

[3] Quality Loan, NBI, and defendant Dean J. Werner expressly join in this motion.  <u>See</u> Docs. 49; 71; and 104.

[4] EMC and NBI expressly join in Pite Duncan's motion to dismiss.  Doc. 48 at 1; and Doc. 71 at 1, n.1.

- 3 -

a claim.[5]  Doc. 42 at 1.  Pite Duncan, too, argues in the alternative for a more definite statement under Rule 12(e).  Id.  Besides contending that plaintiff has no standing, Bank of America ("BOA") argues that dismissal is mandated under Fed. R. Civ. P. 12(b)(5) because it has "never been properly served[.]" Doc. 67 at 1.  Alternatively, BOA also is moving for a more definite statement pursuant to Rule 12(e).

### A. *Standing*

Among these varied asserted bases for dismissal and alternative relief, the court will first consider whether plaintiff has standing.  The court must analyze standing first because it "is the threshold issue of any federal action, a matter of jurisdiction because 'the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.'"  See Local Nos. 175 & 505 Pension Trust v. Anchor Cap., 498 F.3d 920, 923 (9th Cir. 2007) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Addressing standing first also comports with the established principle that "[f]ederal courts must determine that they have jurisdiction before proceeding to the merits." Lance v. Coffman, ___ U.S. ___, ___, 127 S.Ct. 1194, 1196, 167 L.Ed.2d 29 (2007) (citation omitted).  Indeed, Rule 12(h)(3) mandates that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).  Consequently, if defendants prevail on their standing

---

[5]   Poli & Ball expressly "join in and adopt" this aspect of Pite Duncan's dismissal motion.  Doc. 47 at 1.

argument, the court will be without subject matter jurisdiction to consider the remaining defense arguments for dismissal and the parties' respective summary judgment motions.

Before addressing the merits of defendants' standing arguments, there is a procedural issue which the court must briefly address. Plaintiff is moving to strike BOA's dismissal motion which, as just noted, raises the issue of standing (among other issues). Relying upon Rule 12(f), plaintiff contends that the court must strike BOA's motion because it is "impertinen[t][.]" Doc. 97 at 1. BOA counters that plaintiff's motion to strike is "procedurally improper." Doc. 110 at 2. BOA's position is well-taken.

Rule 12(f) provides in relevant part that "[u]pon motion made by a party . . . , the court may order stricken from any *pleading* any . . . impertinent, . . . matter." Fed. R. Civ. P. 12(f) (emphasis added). Rule 7 defines pleadings essentially as complaints and answers. See Fed. R. Civ. P. 7(a). By its terms then, "Rule 12(f), . . . , does not apply to striking an entire motion." Evans v. Firth, 2004 WL 1379458, at *1 (D.Or. 2004) (citing, *inter alia*, O'Connor v. State of Nev., 507 F.Supp. 546, 548 (D.Nev. 1981), aff'd on other grounds, 686 F.2d 749 (9th Cir. 1982)). Thus, because plaintiff Spain is seeking to strike BOA's entire motion, as opposed to a pleading, his motion to strike is improper and the court denies it. See id.; see also Knight v. U.S., 845 F.Supp. 1372, 1373-74 (D.Ariz. 1993) (motions to strike under Rule 12(f) apply only to pleadings and not to motions).

Furthermore, the court is compelled to comment upon the form of plaintiff's FAC. First, as noted earlier, the FAC is strikingly

-5-

similar, indeed many parts are identical, to his amended complaint ("the complaint") in Spain I.  This similarity is significant because in Spain I the court granted defendants' motion for a more definite statement under Rule 12(e), noting that it was "an understatement[]" to refer to plaintiff's complaint therein as "unorganized[.]"  Spain I, doc. 57 at 1.  The same is true here.

If possible, plaintiff's FAC is even more "unorganized" than his complaint in Spain I, in part because it is 10 pages longer. As in Spain I, plaintiff did not number any of the paragraphs in his 29 page FAC.  Also as in Spain I, plaintiff's FAC does not include "averment[s] of the claims set forth in a single set of circumstances as required by Fed. R. Civ. P. 10."  See id. Likewise, the FAC in this action is "far from a 'short and plain statement of the facts' required by Fed. R. Civ. P. 8."  See id. The court in Spain I found plaintiff's complaint to be "more aptly described as an unorganized monologue of [his] inner thoughts transcribed onto paper."  Id. at 1-2.  To a certain extent, this is an apt description of the FAC in the present case.

Here, added to this "unorganized monologue" are lengthy recitations to cases which on their face appear largely irrelevant.[6]  Plaintiff's scattershot approach to pleading makes it extremely difficult, if not impossible, to discern the precise nature of his claims, much less the facts and legal authority which he alleges support those claims.  Indeed, the court has serious reservations as to whether the FAC in its current form "perform[s]

---

[6] A 1962 Tennessee state court case, a 1951 Court of Civil Appeals of Texas, Waco, and a 1951 California District Court of Appeal are illustrative of the seemingly irrelevant and random cases to which plaintiff cites in the FAC.  FAC at 25;22-23; 26:8-9; and 23:21.

the essential functions of a complaint." See McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996). Despite the difficulty in deciphering plaintiff's FAC, the court must address the standing arguments which defendants are properly raising in their dismissal motions.

To place this undeniably confusing FAC in context, Poli & Ball and Pite Duncan are requesting that the court take judicial notice of certain documents pursuant to Fed. R. Evid. 201. See Doc. 43; and Doc. 30 at 3-4. Some of those documents are records available from the Maricopa County Recorder's Office, the Maricopa County Assessor's Office and from the United States Bankruptcy Court for the District of Arizona. Others are documents and transcripts from related judicial proceedings. The court grants the parties' requests for judicial notice as these requests do not require the acceptance of facts "subject to reasonable dispute[,]" and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b)(1) and (2); see also MK Ballistics Systems v. Simpson, 442 F.3d 741, 746 n.2 (9th Cir. 2006) (Court "may take judicial notice of court filings and other matters of public record.")[7]

"Piecing together plaintiff's factual allegations as best they c[ould][,]" Poli & Ball and the other moving defendants have

---

[7] In light of the foregoing, plaintiff's objections to Pite Duncan's request for judicial notice (doc. 86) on the grounds of hearsay; compound hearsay and relevancy are without merit. See Doc. 86. Plaintiff's objections are without merit for the additional reasons set forth in Pite Duncan's response to those objections. See Doc. 106.

- 7 -

1  offered a plausible reading of the FAC.[8]  See Doc. 30 at 3.  For
2  purposes of these motions only, the court adopts and incorporates
3  by reference the moving defendants' interpretation of the FAC, as
4  more fully set forth in Poli & Ball's Motion to Dismiss (doc. 30 at
5  2-5) and in BOA's Motion to Dismiss (doc. 42 at 3-6).

6      Concisely put, plaintiff alleges that defendants "wrongfully
7  are attempting to convert Real Property belonging to [him][.]" FAC
8  (doc. 4) at 12:5-6.  This property is located at 2258 East Alpine
9  Drive, Mesa, Arizona ("the Alpine property"), id. at 12:9-10, and
10 purportedly subject to a promissory note and deed of trust.
11 According to the complaint, in 1998 Aurora Management ("Aurora")
12 acquired that property from Myrtle Arthur.  Id. at 12:9-12.  Later,
13 the Alpine property was the subject of a Nevada Bankruptcy Court
14 proceeding involving another entity, "Alpha Mega[.]" Id. at 13:1-6.
15 Plaintiff seems to be claiming that BOA "wrongfully obtained an
16 Order" in the Alpha Mega bankruptcy "establishing that Aurora . . .
17 owed a total [of] $80,253.00, . . . , on the Alpine property
18 promissory note."  Doc. 30 at 4 (citing FAC (doc. 4) at 13-14).
19 More recently, in another related bankruptcy proceeding in this
20 District, the Bankruptcy Court "held that the Nevada Bankruptcy
21 Court's determination of the amount of that secured debt made was
22 binding on Aurora['s] . . . successor-in-interest, Bing Four, LLC."
23 Id.; see also id., exh. 7 thereto.

24     From what the court and the defendants are able to surmise,
25 the thrust of plaintiff's lawsuit seems to be that the foregoing

---

[8] Given the rambling nature of the FAC, the court and understandably the defendants cannot be sure that they have accurately construed it.  If not, "plaintiff[] ha[s] only [himself] to blame[]" though.  See McHenry, 84 F.3d at 1174.

- 8 -

actions resulted in a wrongful and/or fraudulent overstatement of Aurora's debt. See FAC at 14-15. These alleged actions also form the basis for plaintiff's theory that "defendants' conduct in enforcing the note and deed of trust was part of a fraudulent conspiracy, giving rise to RICO liability[.]" Doc. 30 at 5.

Poli & Ball assert that given the absence of any allegations in the FAC that plaintiff was "personally involved in any of the challenged transactions[,]" he lacks standing to bring this lawsuit. Id. Necessarily assuming the truth of the allegations in the FAC, Poli & Ball further assert that plaintiff lacks standing because "any injury resulting from the allegedly misapplied payments or the allegedly inflated secured debt were suffered by Aurora . . . , Bing Four, . . . and/or Alpha Mega," not plaintiff. Id.

Pite Duncan echoes this lack of personal involvement argument, adding, likewise, that there are no allegations of plaintiff's involvement in either of the two bankruptcy proceedings mentioned in his FAC. What is more, Pite Duncan contend that the FAC is void of any allegations that "[p]laintiff had or has any interest, either legal or equitable, in the [Alpine] Property[,]" which is "currently owned by Michael Mattatall who is not a party to this litigation." Doc. 42 at 8 and 9; see also Doc. 43, exh. J thereto.

BOA's arguments that plaintiff lacks standing are nearly identical to the arguments just outlined. Any alleged injury was sustained by Aurora or Alpha Mega, not by plaintiff. Further, the FAC contains no allegations connecting plaintiff to either of those entities. Moreover, BOA points out that plaintiff himself alleges that Aurora acquired the Alpine property in 1988. FAC (doc. 4) at

12:9-12.  In light of the foregoing, BOA contends that plaintiff has not sufficiently alleged standing.

In opposing these dismissal motions, plaintiff did not address standing.  As to Poli & Ball's motion in particular, with no basis, plaintiff responds that that motion is "is a substantive and procedural nullity[.]" Doc. 88 at 1.  Except for inserting different names, plaintiff's response to Pite Duncan's dismissal motion is the same.  Compare Doc. 87 with Doc. 88.  Taking a different but equally unresponsive approach, plaintiff devotes the bulk of his opposition to BOA's motion to arguing that it "is nothing more and nothing less than a frivolous demurrer[.]" Doc. 82 at 9.  The only potentially relevant and significant aspects of plaintiffs' responses are his averment that he has "an ownership interest in Aurora[,]" and the promissory note and warranty deed which he attaches in an effort to establish that purported interest. Doc. 88 at 2, ¶ (3) (citing attached Note and Warranty Deed); Doc. 87 at 2, ¶ (3) (citing attached Note and Warranty Deed).

"Article III of the United States Constitution 'requires a litigant to have standing to invoke the power of a federal court.'" Williams v. Boeing Co., 2008 WL 509229, at *3 (9th Cir. Feb. 27, 2008) (quoting Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)) (other quotation marks and citation omitted).  "To have standing, a 'plaintiff must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" Id. (quoting Allen, 468 U.S. at 751, 104 S.Ct. 3315) (emphasis added). Stated slightly differently, "the injury that a plaintiff alleges

- 10 -

must be unique to that plaintiff, one in which he has a 'personal stake' in the outcome of a litigation seeking to remedy that harm." Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 821 (9th Cir. 2002) (quoting Raines v. Byrd, 521 U.S. 811, 818-19, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)) (other citation omitted). Thus "standing . . . requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability." Lance, ___ U.S. at ___, 127 S.Ct. at 1196 (citation omitted). The Supreme Court has variously described an "injury in fact" as one that is "concrete and particularized" and "actual or imminent." See Lujan, 504 U.S. at 560, 112 S.Ct. 2130. "An injury is particularized if it "affect[s] the plaintiff in a personal and individual way." Id. at 561 n.1, 112 S.Ct. 2130.

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). Where, as here, a defendant is facially attacking standing, *i.e.*, "assert[ing] that the allegations in the complaint are insufficient to establish subject matter jurisdiction as a matter of law[,]" Whisant v. U.S., 400 F.3d 1177, 1179 (9th Cir. 2005) (citation omitted), the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (citation omitted). Plaintiff Spain, as the party invoking federal jurisdiction, bears the burden of establishing the elements of standing. See Lujan, 504 U.S. at 561, 112 S.Ct. 2130. Plaintiff can meet this burden by "alleging *specific facts* sufficient to satisfy the standing elements." See Loritz v. U.S. Court of

1  Appeals for Ninth Circuit, 382 F.3d 990, 992 (9th Cir. 2004)
2  (citation omitted) (emphasis added).

3     The allegations in plaintiff's FAC fall woefully short of
4  meeting these standards.  The FAC is completely void of any
5  allegations that plaintiff has a "personal stake" in the outcome of
6  this litigation.  The requisite personal stake is missing because
7  the only alleged injuries seem to be "loss of the Alpine property,
8  the payment of interest, and the payment of attorneys fees."  Doc.
9  30 at 5.  However, those injuries "were suffered, if at all, by
10 Aurora, Alpha Mega and/or Bing Four," not by plaintiff.  Id. at 5-
11 6.  Further, insofar as the court is able to discern, there is
12 nothing in the FAC connecting plaintiff to those entities, much
13 less in such a way as to confer standing upon him.

14    Plaintiff's response that he has an "ownership interest in
15 Aurora[,]" doc. 872 at 2, ¶ (3); and doc. 88 at 2, ¶ (3), is
16 insufficient to satisfy his burden of pleading specific facts
17 establishing the elements of standing.  First, there is no similar
18 ownership allegation in the FAC.  Second, even if there was, the
19 meaning of that ownership averment is unclear.  What is clear,
20 though, is that even if the FAC included this ownership allegation,
21 nonetheless, it would not suffice to establish plaintiff's
22 standing.

23    If plaintiff is claiming that Aurora is a limited liability
24 corporation ("LLC") and he is a member thereof, then, as Poli &
25 Ball correctly assert, by statute he is not a "proper party" to
26 this action.  ARS § 29-656 specifically provides that "[a] member
27 of a [LLC], solely by reason of being a member, is not a proper
28 party to proceedings by or against a [LLC] unless the object is to

1 enforce a member's right against or liability to the [LLC] or
2 except as provided in this chapter." ARS § 29-656 (footnote
3 omitted). The FAC does not include allegations which would even
4 arguably bring plaintiff within the purview of that exception.

5     Similarly, even if Aurora is not a LLC, but simply a
6 corporation and plaintiff is a shareholder therein, still, he would
7 lack standing. That is so because, as Poli & Ball also accurately
8 notes, "[g]enerally, a shareholder does not have standing to
9 redress an injury to the corporation in which [he] holds stock."
10 EMI Limited v. Bennett, 738 F.2d 994, 9979 (9th Cir. 1984) (citing
11 cases). The court is fully cognizant that a corporate shareholder
12 may have standing to pursue a derivative action. See Fed. R. Civ.
13 P. 23.1. Plaintiff's FAC does not come close to alleging the
14 detailed allegations necessary to sustain such a cause of action
15 under that Rule, however.

16     Additionally, the FAC does not contain the requisite
17 allegations for plaintiff as a supposed Aurora shareholder to
18 support a finding that he has standing to assert a direct claim for
19 RICO violations. More specifically, plaintiff Spain is not
20 alleging "either . . . an injury distinct from injuries to other
21 [Aurora] shareholders, or (2) a special duty between [he] and the
22 defendant[s][.]" See Abrahamson v. Western Savings and Loan
23 Association, 1994 WL 374294, at *4 (D.Ariz. 1994) (citing Sparling
24 v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988)). Thus,
25 to the extent plaintiff is attempting to allege injury in fact
26 based upon his purported affiliation with Aurora, he has failed to
27 do so.

28     The moving defendants framed their standing arguments in terms

- 13 -

1  of failure to plead the requisite injury in fact.  The court
2  observes, however, that also missing from the FAC are any
3  allegations showing a "causal connection between [plaintiff's
4  claimed] injury and the defendant[s'] conduct[.]"  See Get Outdoors
5  II, LLC v. City of San Diego, Cal., 506 F.3d 886, 891 (9th Cir.
6  2007) (citing Lujan, 504 U.S. at 560-61, 112 S.Ct. 2130).  The
7  conclusory nature of plaintiff's allegations, coupled with the fact
8  that they are presented in what best can be described as a rambling
9  narrative, wholly fail to establish this second and equally
10 critical element of standing.

11      As the foregoing shows, whether plaintiff is a member of a
12 LLC, or a corporate shareholder, he has not alleged an injury
13 "unique" to him as the standing doctrine requires.  Nor has he
14 otherwise pled that he has a personal stake in the outcome of this
15 litigation sufficient to confer standing.  Likewise, the FAC is
16 void of any allegations demonstrating the necessary causal
17 connection for standing purposes.  In short, plaintiff Spain has
18 not satisfied his burden of "clearly and specifically set[ting]
19 forth facts sufficient to satisfy . . . Art. III['s] standing
20 requirements."  See Whitmore v. Arkansas, 495 U.S. 149, 155, 110
21 S.Ct. 1717, 109 L.Ed.2d 135 (1990).  "A federal court is powerless
22 to create its own jurisdiction by embellishing otherwise deficient
23 allegations of standing."  Id. at 155-56, 110 S.Ct. 1717.  Yet, in
24 effect, this is what plaintiff Spain is asking this court to do.
25 The court declines.

26      For the reasons discussed above, insofar as they are premised
27 upon a lack of standing, the court grants the motions to dismiss
28 brought by Poli & Ball (doc. 30); Pite Duncan (doc. 42); and BOA

1  (doc. 67); and joined in by EMC (doc. 48); NBI (doc. 71); Quality
2  Loan (doc. 49); and Dean J. Werner (doc. 104).  In light of that
3  ruling, the court denies as moot the alternative relief sought by
4  Poli & Ball and Pite Duncan, *i.e.* a more definite statement
5  pursuant to Fed. R. Civ. P. 12(e).

6       Ruyle and David Huston are the only defendants who did not
7  move for dismissal based upon lack of standing, or at least join in
8  one of the motions by other defendants asserting lack of standing.
9  Instead, the Ruyle defendants' dismissal motion is based upon lack
10 of personal jurisdiction; insufficiency of process and failure to
11 state a claim.  See Doc. 46.

12      Defendant David W. Huston is moving for judgment on the
13 pleadings pursuant to Fed. R. Civ. P. 12©, or alternatively, for
14 dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state
15 a claim.  Defendant Huston further contends that he is entitled to
16 dismissal based upon lack of personal jurisdiction.  Defendant
17 Huston also separately filed a cross-motion for summary judgment
18 (doc. 64).

19      Because this court has "both the power and the duty to raise
20 the adequacy of [a plaintiff's] standing sua sponte[,]" it will do
21 so regardless of the fact that the Ruyle defendants and Mr. Huston
22 are not asserting lack of standing.  See Bernhardt v. County of Los
23 Angeles, 279 F.3d 862, 868 (9th Cir. 2002).  When the court does
24 that, obviously it comes to the same conclusion as it did with
25 respect to the other moving defendants: plaintiff has not
26 sufficiently alleged standing.  Accordingly the court lacks subject
27 matter jurisdiction, and thus grants the motions to dismiss by the
28

Ruyle defendants (doc. 46)[9] and defendant Huston (doc. 62), albeit for different reasons than they urge.

Because plaintiff has not sufficiently alleged standing, as explained earlier, the court lacks subject matter jurisdiction and so may not proceed to the merits.  Therefore, the court denies as moot all remaining pending motions as enumerated at the conclusion of this decision.

### *II.  Amendment*

The Ninth Circuit has repeatedly instructed that *pro se* litigants should be given an opportunity to amend their complaints unless it is clear that no amendment can cure the defect.  See, e.g., Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) ("We are very cautious in approving a district court's decision to deny pro se litigants leave to amend.") Largely due to the wholly inadequate and conclusory allegations in the FAC, at this juncture it is impossible for the court to engage in any meaningful futility analysis.  For that reason, and keenly aware of the Ninth Circuit's general reluctance to deny *pro se* litigants an opportunity to amend, the court will allow plaintiff to amend his complaint.

Before filing any amended complaint, however, plaintiff would do well to seriously consider the numerous apparent defects discussed in defendants' motions, such as the lack of personal

---

[9] The court hastens to add  that even assuming standing, nonetheless it would grant the motion to dismiss by the Ruyle defendants.  The Ruyle defendants are entitled to dismissal on this alternate basis because, as fully explained in their motion and documented in the attached exhibits, plaintiff improperly attempted to effect service upon them  by serving EMC's Associate General Counsel.  See Doc. 46 at 6-9; and exhs. 1-13 thereto.  In accordance with Rule 12(b)(5), this insufficiency of process provides another basis for dismissing the FAC as against the Ruyle defendants.

- 16 -

jurisdiction by the Ruyle defendants and defendant Huston, and the fact that arguably this action is an impermissible collateral attack on prior court proceedings.  The court stresses that these are just two of the seeming defects, which are too countless to enumerate, in the FAC – and two which at first glance it does not appear can be cured by amendment.

Additionally, plaintiff is reminded of the necessity of fully complying with Rule 8, which requires that averments "be simple, concise, and direct[.]"  See Fed. R. Civ. P. 8(e)(1).  If plaintiff has any doubt as to the pleading requirements under the Federal Rules of Civil Procedure, he can consult, among other sources, the Rule's Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate."  See Fed. R. Civ. P. 84.

Finally, given the manner in which plaintiff has conducted this litigation to date, as well as his extensive prior litigation involvement documented in the record, the court cautions him regarding the use of the courts in a vexatious fashion. "[F]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider meritorious claims of other litigants."  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (internal quotation marks and citation omitted). At this juncture the plaintiff has not engaged in a "flagrant abuse of the judicial process[.]"  See id.  Given his numerous filings, most of them wholly without merit, coupled with the tone and form of those filings, plaintiff is dangerously close to crossing the line from permissible use of the judicial process to flagrant abuse

however.  The court will not look favorably upon the filing of an amended complaint which does not fully comport with the relevant Federal Rules of Civil Procedure and governing case law.  An amended complaint, if any, shall be filed and served within 30 days of the entry date of this order.

For the reasons discussed herein, the court hereby

(1) DENIES plaintiff's Motion for partial summary judgment (doc. 11);

(2) GRANTS the motion to dismiss by the Poli & Ball defendants based upon lack of standing, but DENIES the alternative relief sought under Rule 12(e) (doc. 30);

(3) DENIES as moot the motion to strike by the Poli & Ball defendants (doc. 39);

(4) GRANTS the motion to dismiss by the Pite Duncan defendants, but DENIES the alternative relief sought under Fed. R. Civ. P. 12(e)(doc. 42);

(5) DENIES as moot the motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) by the EMC defendants (doc. 45);

(6) GRANTS the motions to dismiss by the Ruyle defendants (doc. 46) and by defendant David W. Huston (doc. 62);

(7) DENIES as moot the cross-motion for summary judgment by defendant David W. Huston (doc. 64);

(8) DENIES as moot the motion to strike by the Poli & Ball defendants (doc. 65);

(9) GRANTS the motion to dismiss by defendant Bank of America based upon lack of standing (doc. 67);

(10) DENIES as moot the motion for summary judgment by the NBI defendants (doc. 71);

1      (11) DENIES plaintiff's motions to strike defendant (docs. 90;
2 91; 92; 92; 94; 95; and 96);
3      (12) DENIES plaintiff's motion to strike defendant Bank of
4 America's motion to dismiss (doc. 97); and
5      (13) GRANTS plaintiff leave to file an amended complaint
6 within thirty (30) days of the entry date of this order.
7      DATED this 17th day of March, 2008.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to all counsel of record and plaintiff *pro se*