**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
B. Spain,                        )
                                 )
            Plaintiff,           )   No. CIV 07-0308-PHX-RCB
                                 )
       vs.                       )        O R D E R
                                 )
EMC Mortgage Company, et al.,    )
                                 )
            Defendants.          )
                                 )
```

## *Introduction*

By order entered March 18, 2008, among other things, the court granted plaintiff *pro se* B. Spain "leave to file an amended complaint within thirty (30) days of the entry date of th[at] order." Spain v. EMC Mortgage Company, 2008 WL 752610, at *9 (D.Ariz. 2008) ("Spain I"). Computing time in accordance with Fed. R. Civ. P. 6(a), plaintiff had until April 17, 2008, by which to file his second amended complaint ("SAC"). He did not do that. Instead, on that date plaintiff filed a "motion to vacate[,]" asserting that Spain I is "facially void[.]" Mot. (doc. 122) at 1. In quick succession, the Poli & Ball defendants, the EMC

defendants, the NBI defendants, defendant Bank of America ("BOA"), the Pite & Duncan defendants,[1] and defendant Werner either filed a response to that motion to vacate, or joined in a response filed by other defendants.  See Docs. 123; 124; 126; 127; 128; and 133. Plaintiff did not file a reply, timely or otherwise, to any of those responses or joinders.  Instead, as will be more fully discussed herein, plaintiff filed three additional motions and lodged a SAC with the court.

### *Background*

After the filing of plaintiff's motion to vacate and before he lodged his SAC, on May 2, 2008, defendant BOA lodged a proposed order of dismissal with prejudice (doc. 129).  BOA proceeded in that way because plaintiff had not timely filed and served his SAC in accordance with Spain I.  Thereafter, on May 7, 2008, plaintiff filed a "Motion to Rule on [his] April 17th Objection[,]" *i.e.* his motion to vacate Spain I.  Mot. (doc. 130).  On May 12, 2008, plaintiff filed yet another motion – this time to enlarge the time to file his SAC.  Mot. (doc. 131).  He requested "an additional 60 days . . . , or until May 17th[,]" by which to file that complaint. Id., attachment 1 thereto (doc. 131-2) at 1.

The next day, May 13, 2008, plaintiff filed yet another motion, denoted as a "Motion to Set Aside Order[.]"  Doc. 134.  On that same date, plaintiff also lodged his proposed SAC with the court (doc. 135).  Then, on May 15, 2008, plaintiff filed a reply to the EMC defendants' opposition to his motion to enlarge time

---

[1] The court is continuing to group the numerous defendants based upon their shared counsel, as it did in Spain I.  See Spain I, 2008 WL 752610, at *1 n.1.

1  (doc. 136).

## *Discussion*

### *I.  Rule 60(b)(4) Motion*

In moving to vacate Spain I, plaintiff invokes Rule 60(b)(4), which allows for relief from "a *final* judgment, order, or proceeding" where "the judgment is void." Fed. R. Civ. P. 60(b)(4) (emphasis added). Under the plain language of that Rule, relief may not be sought with respect to a non-final order. Clearly the order in Spain I which, among other things, granted dismissal with leave to amend is not final in any respect. See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136-37 (9th Cir. 1997) (*en banc*) ("[W]hen a district court expressly grants leave to amend, it *is* plain that the order is not final.") Therefore, plaintiff's reliance upon Rule 60(b)(4) is wholly misplaced.

When construing a motion the Ninth Circuit favors substance over form, however. Andersen v. U.S., 298 F.3d 804, 807 (9th Cir. 2002) (citing, *inter alia*, Prudential Real Estate Affiliates, Inc. V. PPR Realty, Inc., 204 F.3d 867, 880 (9th Cir. 2000) ("[T]he label attached to a motion does not control its substance." (citation and internal quotation marks omitted)). In accordance with that principle and because plaintiff is *pro se*, the court will construe his motion to vacate as a motion for reconsideration. The court is construing plaintiff's motion in that way because, stripped of its rhetoric, apparently that is the relief which plaintiff is seeking. Indeed, it appears that plaintiff himself views this as a reconsideration motion, because in all three of his later filed motions, he specifically asks this court to "reconsider it's [sic] earlier order[,]" *i.e.* Spain I.  See Mot. to

1  Rule (doc. 130) at 1; and Mot. to Enlarge (doc. 131) at 1; and Mot.
2  to Set Aside (doc. 134) at 1.
3       The court denies plaintiff's motion for reconsideration
4  because he did not comply with LRCiv. 7.2(g)(1) governing the "form
5  and content" of such motions.  The Rule unequivocally states, in
6  part:

> The Court will *ordinarily deny* a motion for reconsideration of an Order *absent a showing* of *manifest error or a showing of new facts or legal authority* that could not have been brought to its attention earlier with reasonable diligence.  Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order.

LRCiv. 7.2(g)(1) (emphasis added).  Plaintiff did none of that in his "motion to vacate."  Instead, from what the court is able to glean from this largely incomprehensible motion, plaintiff simply disagrees with its rulings in Spain I.  Plaintiff's dissatisfaction is not a proper basis for reconsideration, however.  See O'Neal v. Smithkline Beecham Corp., 2008 WL 1721891, at *4 (E.D.Cal. 2008) (internal quotation marks and citation omitted) ("Plaintiffs['] assert[ion][] with great vehemence and a degree of disdain, that they disagree with the court's findings[] . . . is not grounds for . . . grant[ing] . . . reconsideration."); see also Dennis v. Ayers, 2008 WL 1989304, at *1 (N.D.Cal. 2008) (Petitioner's disagreement "with the Court's prior resolution of the claim . . . is, of course, [an] insufficient [basis] for . . . granting] a motion for reconsideration.")

     Further, in direct contravention of LRCiv. 7.2(g)(1),

1  plaintiff "repeat[ed] . . . argument[s]" which he made in
2  connection with Spain I.  That Rule further expressly provides that
3  "[f]ailure to comply with th[at] subsection may be grounds for
4  denial of the motion."  Id.  Exercising its discretion under LRCiv.
5  7.2(g)(1), the court denies plaintiff's "motion to vacate," which
6  it deems a motion for reconsideration, for failure to fully comply
7  with Rule.

### II. *BOA's Proposed Order of Dismissal*

After BOA lodged its proposed order of dismissal, plaintiff filed what he entitled "Motion to Rule on Plaintiff's April 17th Objection and Brief in Support" (doc. 130).  Focusing on the substance of that motion, plaintiff is challenging the validity of BOA's lodged order because when he filed this "motion," the court had not yet ruled on his "motion to vacate."  In any event, now the court has ruled on that "motion to vacate."  Because the court has denied that motion, it denies as moot plaintiff's "Motion to Rule," etc. (doc. 130).

Turning to BOA's lodged order of dismissal, the court will not order the filing of that lodged proposed order because, as will be seen, it is granting plaintiff an extension of time in which to file and serve his SAC.

### III. *"Motion to Enlarge time to File 2nd Amended Complaint" & "Motion to Set Aside Order"*[2]

Plaintiff is requesting an additional 60 days, "or until May 17th[,]" to file his SAC.  Mot. (doc. 131) at 1.  Evidently

---

[2] Substantively, this "Motion to Set Aside Order" is virtually identical to plaintiff's "Motion to Enlarge."  Therefore, the court will jointly consider the two motions.

- 5 -

referring to the "numerous apparent defects" with his first amended complaint noted in Spain I, 2008 WL 752610, at *8, plaintiff is seeking this extension to "correct[]" those defects. See Mot. (doc. 131) at 1. The EMC and the Pite Duncan defendants oppose an extension asserting, with no explanation, that plaintiff has not shown "good cause" as to why he could not file his SAC by the court ordered deadline. Resp. (doc. 132) at 1; and Resp. (Doc. 142) at 1.

Relying upon Fed. R. Civ. P. 6(b), BOA contends that "[n]o good cause exists to warrant" granting plaintiff an extension of time. Resp. (doc. 139) at 2. That Rule states in relevant part as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . .
>
> on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B). BOA contends that because plaintiff has shown neither good cause nor excusable neglect, the court should deny his motion for an extension of time. Plaintiff cannot meet that two prong standard, BOA maintains, because he did nothing until April 18, 2008 – 31 days after entry of the court's order in Spain I. Moreover, even at that time plaintiff did not file his SAC, but instead filed a motion to vacate.[3] BOA further argues

---

[3] As it did when lodging its proposed order of dismissal, BOA notes that that motion did not impact the finality of the court's order in Spain I. To support this assertion, BOA notes that in accordance with Fed. R. Civ. P. 60(c)(2), a motion brought under subsection (b) of Rule 60 "does not affect the judgment's finality or suspend its operation." Fed. R. Civ. P. 60(c)(2). Of course, as previously discussed, plaintiff's motion to vacate was not a Rule 60(b) motion. Hence, BOA's reliance upon Rule 60(c)(2) is misplaced.

- 6 -

that plaintiff has not met his burden under Rule 6(1)(B) because he did not lodge his SAC until 25 days after the deadline for so doing.  Likewise, plaintiff did not file his motion for an extension until after the time for filing the SAC had passed.

Good cause for allowing an extension has been shown, plaintiff counters, because: (1) supposedly this action is complex; (2) he had to make many revisions to his FAC; and (3) he is appearing *pro se*.  Plaintiff also contends that an extension of time will "sav[e] Judicial Resources and the Court's Time[,]" because if an extension is not granted, he will "wast[e] judicial resources and the Court's time[,]" by refiling the SAC in yet another action.  Resp. (doc. 136).  Plaintiff's ready willingness to "wast[e] judicial resources and the Court's time[]" is troubling to say the least.  See id. Perhaps when read in isolation, the court would be willing to overlook this statement.  When read in conjunction with plaintiff's motion to vacate, with its vituperative tone, the court finds that once again  "plaintiff is dangerously close to crossing the line from permissible use of the judicial process to flagrant abuse[.]" See Spain I, 2008 WL 752610, at *8.

Because Rule 6(b)(2) "'is a rule of general application, courts are given broad discretion in granting or denying extensions[]'" thereunder.  United States v. Pourmohamad, 2007 WL 1176629, at *1 (N.D.Cal. 2007) (quoting Rutledge v. Elec. Hose & Rubber Co., 511 F.2d 668, 675 (9th Cir. 1975)).  The burden is on the party seeking an extension of time to show "excusable neglect" and "good cause" under that Rule.  See id.  It appears that in the Ninth Circuit the movant may meet this burden "by a showing of good faith coupled with a showing that there was a reasonable basis for

-7-

1 not complying with the time specified." Id. (citation omitted).

2 Four factors are relevant in "determin[ing] whether neglect is excusable . . . :  (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." In re Veritas Software Corp. Securities Litigation, 496 F.3d 962, 973 (9th Cir. 2007) (internal quotation marks and citations omitted).  As the Supreme Court has explained, this "is an equitable [determination], taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

13 An examination of those factors here shows that plaintiff Spain has made a showing, albeit weak, of excusable neglect. First, the danger of prejudice to the opposing parties is not great as is evidenced by, among other things, the fact that three days after lodging of the SAC, the Poli & Ball defendants filed a "Motion to Dismiss, or in the Alternative, for More Definite Statement" (doc. 138).  Second, the length of the delay caused by the untimely filing and service is not significant.  Likewise, the potential impact of that delay upon this litigation also is minimal in that the SAC has already been drafted and lodged.  What is more, as just noted, even though the SAC has not been filed or served, the Poli & Ball defendants have already filed a dismissal motion. Likewise, the NBI defendants have already filed a motion for summary judgment and joined in that motion to dismiss.  See Doc. 146.  Third, plaintiff's proffered reasons for delay, primarily the number of defects in his FAC which he was trying to cure, is a

- 8 -

valid reason for this relatively short delay.

Accepting at face value plaintiff's assertions that he needed the additional time to file and serve his SAC due to "the numerous corrections that are requested," this is sufficient to demonstrate good faith - the fourth excusable neglect factor.  See Mot. (doc. 131) at 1.  Bolstering this good faith finding is the fact that plaintiff filed a motion to vacate by the date on which he should have filed his SAC.  Further, because he is *pro se*, plaintiff could have been under the mistaken impression that the time by which he had to file his SAC did not commence running until the court ruled on that motion to vacate.  Plaintiff's filing of a motion specifically requesting that the court rule on his motion to vacate lends further support to the view that he was under the mistaken impression that he did not need to file his SAC until the court ruled on his motion to vacate.  Finally, as in Bateman v. U.S. Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000), because at this juncture it appears that plaintiff Spain's delayed filing did not result "from deviousness or willfulness[,]" the court is willing to give him some leeway.

For all of these reasons, the court, in its discretion, grants plaintiff an extension of time in which to file and serve his SAC.  Despite the court's leniency this time,[4] plaintiff is forewarned that it will not look so favorably upon similar future motions.

### *Conclusion*

IT IS ORDERED that plaintiff's "Motion to Vacate" (doc. 122)

---

[4] This leniency includes overlooking plaintiff's failure to comply with LRCiv. 7.3(a) which requires, among other things, a statement indicating whether any "previous extensions have been granted concerning the matter for which an extension is sought."

1  is DENIED;

2      IT IS FURTHER ORDERED that plaintiff's "Motion for Ruling"
3  (doc. 130) is DENIED as moot;

4      IT IS FURTHER ORDERED that plaintiff's "Motion for Extension
5  of Time to File Second Amended Complaint" (doc. 131) is GRANTED;
6  and the Clerk of the Court is directed to file that lodged
7  complaint (doc. 135) on the date of entry of this order.  Plaintiff
8  shall then have thirty (30) days from the date of entry of this
9  order by which to serve that second amended complaint;

10      IT IS FURTHER ORDERED that within five days of the date of
11  service of that second amended complaint, the plaintiff shall file
12  with the court proof of such service upon each of the defendants;

13      IT IS FURTHER ORDERED that failure to timely serve the second
14  amended complaint or failure to timely file the required proof of
15  service may result in dismissal of the second amended complaint;

16      IT IS FURTHER ORDERED that the Poli & Ball defendants and the
17  NBI defendants do not need to refile and reserve their respective
18  motion to dismiss (doc. 138) and motion for summary judgment and
19  joinder in the motion to dismiss (doc. 146); however, in their
20  discretion, those parties may elect to file and serve new motions
21  if they deem it necessary upon service and filing of the second
22  amended complaint; and

23      IT IS FURTHER ORDERED that plaintiff's "Motion to Set Aside
24  . . .

25
26
27
28

1  Order" (doc. 134) is GRANTED.

2          DATED this 4th day of June, 2008.

                                    /s/ Robert C. Broomfield
                                    Robert C. Broomfield
                                    Senior United States District Judge

9  Copies to counsel of record