**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| B. Spain, | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV 07-0308-PHX-RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| EMC Mortgage Company, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Currently pending before the court is a "Motion for New Trial, Rehearing, and Reconsideration" by plaintiff *pro se* B. Spain (doc. 253). There is no basis for any of the relief which he is seeking, as explained below. Therefore, the court denies plaintiff's motion in its entirety.

### ***Background***

On February 24, 2009, the court issued its third substantive order in this case - Spain v. EMC Mortgage Co., 2009 WL 464983 (D. Ariz. 2009) ("Spain III"). Assuming familiarity with those prior orders, the court will limit its recitation of the factual background to the Warranty Deed upon which plaintiff continues to

rely to establish his ownership interest in the subject property, and hence standing.

In Spain III this court rejected plaintiff's argument that he had Article III standing based upon that Deed, explaining:

> Despite what plaintiff might believe, that Deed did not convey any portion of the Alpine property to him individually. *It is plain from the face of the Warranty Deed that the property was conveyed to the "ABS PROPERTY TRUST[,]" and to plaintiff solely in his capacity as trust "Beneficiary[.]"* . . . However, "the beneficiary of a trust generally is not the real party in interest and may not sue in the name of the trust." Orff v. United States, 358 F.3d 1137, 1148 (9th Cir. 2004) (internal quotation marks and citation omitted). Thus, as a trust beneficiary, plaintiff lacks standing to pursue claims on behalf of the trust.

Spain III, 2009 WL 464983, at *6 (citation omitted) (emphasis added). In concluding, this court reiterated:

> The Warranty Deed . . . does not support a finding that plaintiff has standing here because *on its face that Deed shows that plaintiff is a trust beneficiary* and, as such, is not the real party in interest. Any rights which that Deed may establish in the subject property are rights belonging to the ABS Property Trust-not to plaintiff. To the extent plaintiff believes that he has been deprived of his rights as a trust beneficiary, then he has sued the wrong parties.

Id. at *8 (emphasis added).

The basis for plaintiff's present motion is a purportedly "corrected" Warranty Deed. Mot. (doc. 253) at 2. Plaintiff claims that the Warranty Deed upon which the court focused in Spain III had a "typographical error[,]" in that it "was erroneously made out to ABS PROPERTY TRUST & B. Spain Beneficiary[,]" rather than to plaintiff as "an individual[.]" Id. (internal quotation marks and citation omitted) (emphasis in original). Since the issuance of Spain III, plaintiff asserts that that "error has . . . been corrected . . . by re-recording the original deed." Id.

-2-

Apparently plaintiff re-recorded the original deed to "correct grantee information[,]" on March 6, 2009 - ten days after the issuance of Spain III. See id., exh. C thereto at 9.[1] More particularly, rather than indicating as it did in the Spain III record that the "GRANTEE" was "ABS PROPERTY TRUST B.Spain, Beneficiary[,]" the Warranty Deed now reads that the "GRANTEE" is "ABS PROPERTY TRUST B. Spain, ~~Beneficiary~~ Individually[.]" Id., exh. C thereto at 10. Plaintiff readily admits that he made this "alteration[.]" Reply (doc. 262) at 3, n. 2 (internal quotation marks omitted).

Plaintiff reasons that because that "error" as to his status has been "corrected," he is "an actual owner of the property." Mot. (doc. 253) at 2. Plaintiff thus maintains that he has standing to bring this lawsuit. Accordingly, believing that he has "cure[d] the surface standing problem[,]" plaintiff is seeking reconsideration and urging the court to allow his case to "proceed on the merits." Id. at 4.

As the Poli & Ball defendants[2] construe this motion the "newly created 'Deed'[,]" and plaintiff's assertion that the original deed conveying the property to him solely as beneficiary was a typographical error, is tantamount to newly discovered evidence. See Resp. (doc. 254) at 2:9. Starting from that premise, Poli &

---

[1] Plaintiff's motion, reply and supporting documentation either do not include page numbers or are incomplete. Therefore, for ease of reference, the court is relying upon the numbers designated by the CM/ECF system.

[2] As it has throughout this litigation, the court is continuing to group the numerous defendants based upon their shared counsel. See Spain v. EMC Mortgage Co., 2008 WL 2328358, at *1 n. 1 (D.Ariz. June 4, 2008) (citation omitted). Additionally, defendants Bank of America ("BOA"), EMC, Pite Duncan, Quality Loan, and David Huston have each expressly joined in and adopted Poli & Ball's response. See Docs. 255; 256; 257; 258; and 259. Thus, hereinafter all references to Poli & Ball shall be read as including these defendants as well.

- 3 -

1  Ball proffer three reasons as to why plaintiff is not entitled to
2  relief under Rule 59(e) based upon this evidence.  First, they
3  maintain that plaintiff's "proffered testimony is not newly
4  discovered" because "it was in his possession before" the issuance
5  of Spain III.  Id. at 3:3-4.  Second, Poli & Ball point out that
6  plaintiff has "not even attempt[ed] to show that the evidence could
7  not have been discovered through due diligence."  Id. at 3:10-11.
8  Third, Poli & Ball assert that this purportedly newly discovered
9  evidence is not admissible.  Thus, it would not be "likely to
10 change the disposition of the case[,]" and hence does not justify
11 reconsideration.  Id. at 4:12.

12      Plaintiff strenuously denies that he is seeking
13 reconsideration based upon newly discovered evidence.  Rather,
14 plaintiff claims to be seeking that relief "only to correct the
15 obvious error."  Reply (doc. 262) at 1 (footnote omitted).  That
16 error, as plaintiff describes it, is a "typographical error, made
17 by another, that came to be seized upon by the court[]" in Spain
18 III, "the court thinking that the [Warranty Deed] it was looking at
19 w[as] correct."  Id.  Further, for the first time plaintiff is
20 relying upon a stock certificate to show his ownership in "Aurora
21 Management, Ltd., a Nevada corporation[]" ("Aurora").  Id. at 4.
22 Plaintiff believes that that stock certificate is further proof of
23 his ownership of the real property at issue.  Thus, from
24 plaintiff's standpoint the "corrected" Warranty Deed and the stock
25 certificate establish that he has standing.  Therefore he is
26 entitled to reconsideration on that issue.
27 . . .
28

## *Discussion*

### *I. New Trial*

The sole basis for plaintiff's motion is Fed. R. Civ. P. 59. Invoking that Rule, plaintiff is seeking "a new trial . . . and . . . rehearing and reconsideration of [this court's] order . . . , and the judgment entered thereon." Mot. (doc. 253) at 1. After joining in and adopting the arguments of Poli & Ball, defendant BOA makes the additional argument that plaintiff's reliance upon Rule 59 is "improper because under [that] Rule . . . , a motion for a new trial may only be made after a jury or nonjury trial." BOA Resp. (doc. 256) at 1:20-21 (citation omitted). In making this argument, BOA relies upon subsections (a)(1)(A) and (a)(1)(B), which "[i]n general" set forth the "[g]rounds for a [n]ew [t]rial[,]" both as to jury and non-jury trials. Fed. R. Civ. P. 59(a)(1)(A)-(B).

BOA is correct that to the extent plaintiff is seeking a new trial, his reliance upon those particular subsections of Rule 59 is misplaced because no trial ever occurred in this action. Due to the lack of a trial in the first instance, there is no authority for granting a "new trial" under Rule 59, or, for that matter, under any other authority. Accordingly, the court agrees that insofar as plaintiff is seeking a "new trial," his motion must be denied.

Because plaintiff Spain also seeks "reconsideration," it is possible that he is relying upon subsection (e) of Rule 59, which can be a basis for a motion for reconsideration, even absent a trial. See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks and citation omitted) ("Rule 59(e)

## *Discussion*

### *I. New Trial*

The sole basis for plaintiff's motion is Fed. R. Civ. P. 59. Invoking that Rule, plaintiff is seeking "a new trial . . . and . . . rehearing and reconsideration of [this court's] order . . . , and the judgment entered thereon." Mot. (doc. 253) at 1. After joining in and adopting the arguments of Poli & Ball, defendant BOA makes the additional argument that plaintiff's reliance upon Rule 59 is "improper because under [that] Rule . . . , a motion for a new trial may only be made after a jury or nonjury trial." BOA Resp. (doc. 256) at 1:20-21 (citation omitted). In making this argument, BOA relies upon subsections (a)(1)(A) and (a)(1)(B), which "[i]n general" set forth the "[g]rounds for a [n]ew [t]rial[,]" both as to jury and non-jury trials. Fed. R. Civ. P. 59(a)(1)(A)-(B).

BOA is correct that to the extent plaintiff is seeking a new trial, his reliance upon those particular subsections of Rule 59 is misplaced because no trial ever occurred in this action. Due to the lack of a trial in the first instance, there is no authority for granting a "new trial" under Rule 59, or, for that matter, under any other authority. Accordingly, the court agrees that insofar as plaintiff is seeking a "new trial," his motion must be denied.

Because plaintiff Spain also seeks "reconsideration," it is possible that he is relying upon subsection (e) of Rule 59, which can be a basis for a motion for reconsideration, even absent a trial. See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks and citation omitted) ("Rule 59(e)

permits a district court to reconsider and amend a previous order[.]") Therefore, while the court agrees that plaintiff cannot rely upon subsection (a) of Rule 59, that does not foreclose his reliance upon subsection (e) of that Rule as a basis for reconsideration.

## *II. Reconsideration*

Although the Ninth Circuit "permits a district court to reconsider and amend a previous order," pursuant to Rule 59(e), it cautions that that Rule "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Id. (internal quotation marks and citation omitted). There are three well-recognized bases for Rule 59(e) relief: "[I]f (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009) (internal quotation marks and citation omitted); accord LRCiv 7.2(g)(1)(a) ("The Court will ordinarily deny a motion for reconsideration . . . absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence.") "[O]ther, highly unusual, circumstances" also may "warrant[] reconsideration." Sch. Dist. No. 11, Multnomah County, Or. v. AC & S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

A Rule 59(e) motion is not a vehicle though for "rais[ing] arguments or present[ing] evidence for the first time when they could reasonably have been raised earlier in the litigation."

- 6 -

Carroll, 342 F.3d at 945 (citation omitted). The showing required for Rule 59(e) relief presents a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). Moreover, denial of a motion for reconsideration under that Rule will not be reversed "absent an abuse of discretion." Spectrum Worldwide, 555 F.3d at 780 (citation omitted).

Plaintiff Spain is not relying upon an intervening change in controlling law as a basis for this motion. Although defendants construe this motion as being based upon newly discovered evidence, as noted above, plaintiff denies that reading. For the moment, the court will accept plaintiff's denial at face value. When it does that, the only possible bases for Rule 59(e) relief are the commission of "clear error" or a "manifestly unjust initial decision." As explained below, plaintiff has shown neither.

### ***A. "Clear Error" or "Manifestly Unjust"***

As plaintiff admits, the asserted error was not the court's, but rather an "error" in the Warranty Deed which he did not "discover[]" until after Spain III. Mot. (doc. 253) at 3. Plaintiff candidly states that he "never noticed this error [his trust beneficiary status versus individual capacity] when the pleadings in this matter were filed, and *only* discovered the error when he was reviewing this court's [Spain III] order and the underlying documents. Id. (emphasis added). Plaintiff continues in a similar vein, explaining that "[t]he court's extensive discussion" in Spain III "caused him to re-trace his steps and review his documents[,]" at which point he "discovered" the asserted "typographical error" in that Deed. Id. Plaintiff goes so far as to "apologize[] to all in not discovering this error

before." Id.  Continuing in that tone, plaintiff acknowledges that "much of the court's exasperation in [Spain III] in finding no ownership is understandable[]" given that the "error" in the Warranty Deed was due to the fact that at that point, the "error" had not been "corrected[.]" Id.

Reconsideration due to "clear error" is limited to the commission of such error by the district court – *not* commission of an error by a party.  Furthermore, "clear error" is not a basis for reconsideration where, as here, a party fails to take into account the legal significance of its evidence when it is being proffered. Cf. Schlicht v. United States, 2006 WL 229551, at *2 (D.Ariz. Jan. 30, 2006) (Rule 60(b), governing post-judgment relief, "not intended to reward the lackadaisical or unscrupulous litigant who fails to make a timely offer of evidence.")  Thus, because plaintiff has not pointed to any "clear error" committed by this court, he is not entitled to reconsideration on that ground.

Likewise plaintiff has not even suggested, much less shown, that the court's decision in Spain III was manifestly unjust.  The Warranty Deed upon which plaintiff is now relying is not the same Deed which formed the basis for the court's finding of lack of standing in Spain III.  There was nothing "manifestly unjust" about that initial decision given the record before the court then; and plaintiff does not contend otherwise.  Consequently, plaintiff has not established that the court should reconsider Spain III because it is manifestly unjust.

### B. *"Newly Discovered Evidence"*

The court is keenly aware that plaintiff is disavowing that the "corrected" Deed is newly discovered evidence.  However,

because he has not prevailed on any of the other bases for relief under Rule 59(e), and because that is the sole focus of defendants' opposition, the court will address the issue of whether the "corrected" Deed constitutes newly discovered evidence for Rule 59(e) purposes. In so doing, the court is, once again, granting plaintiff some leniency due to his *pro se* status. See Spain III, 2009 WL 464983, at *1.

"To prevail on a Rule 59(e) motion because of newly discovered evidence, the movant must show the evidence (1) existed at the time of the . . . proceeding at which the ruling now protested was entered; (2) could not have been discovered through due diligence; *and* (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." Duarte v. Bardales, 526 F.3d 563, 573 (9th Cir. 2008) (Bea, J., dissenting) (internal quotation marks and citation omitted) (emphasis added). The "corrected" Warranty Deed does not satisfy even one of these criteria, let alone all three. Thus, that Deed does not constitute "newly discovered evidence" so as to warrant reconsideration of this court's holding in Spain III that plaintiff lacks standing.

Before briefly considering those criteria, the court is compelled to comment upon the content of the recently proffered "corrected" deed and the circumstances surrounding its re-recording. The court disagrees with plaintiff's characterization of the original deed as containing a "typographical" error. See Mot. (doc. 253) at 1. This supposed typographical error arises from the fact that the conveyance there was to plaintiff in his capacity as a trust "beneficiary" as opposed to "individually." Transposing an entire word, especially when those words are spelled

quite differently, is not a mere typographical error, despite how plaintiff tries to portray it. A typographical error would be, for example, the difference between the word "data" and the word "date." It is easy to see how in transcription those two words inadvertently could be interposed one for the other. The same is not true, however, of the words "beneficiary" and "individually."

Plaintiff fares no better with his contention that because the December 30, 1996 note[3] is made out to "ABS PROPERTY TRUST & B. Spain Individualy [sic][,]" the original Warranty Deed conveying the subject property to that Trust & "B. Spain, Beneficiary[,]" must be in error. See Mot. (doc. 253), exhs. A and B thereto. On the present record it is impossible to discern the relationship, if any, between that note and the original Deed. In that note Aurora, through its Vice President, promises to pay $30,075.15, plus interest, to the Trust and plaintiff, individually. Id., exh. A thereto. The Warranty Deed, however, purports to be a conveyance of Arizona real property by Tornado Investments, Inc., a Nevada corporation, to that same Trust and to plaintiff as "beneficiary." Id., exh. B thereto. That Deed is dated August 12, 2006, almost ten years after the note, and it was not recorded until the following year, on February 12, 2007. These differences and the lack of context based upon this scant record fail to convince the court, as plaintiff urges, that "[w]hoever [sic] typed the deed failed to faithfully carry over to th[at] [D]eed" plaintiff's status as an individual. Id. at 2.

Moreover, the timing of plaintiff's "discovery" significantly

---

[3] That note is part of this record; it was also in the Spain III record.

1  undermines his argument that the original deed was "erroneously
2  made out." See id. (citation omitted).  That "discovery" was not
3  until two and a half years after the Warranty Deed is dated, and
4  after plaintiff reviewed Spain III and realized that his trust
5  beneficiary status was disadvantageous to him in terms of pursuing
6  this litigation.  Cf. United States v. Uptergrove, 2009 WL 840607,
7  at *6 (E.D.Cal. Mar. 26, 2009) (denying Rule 59(e) reconsideration
8  motion based upon newly discovered evidence where, *inter alia*, it
9  "appear[ed] the reason Defendants raised the issue of the
10 bankruptcy . . . only when they discovered they had lost the other
11 arguments they had been pursuing[]").  Thus, the court gives no
12 credence to plaintiff's assertion that the original Warranty Deed
13 had a typographical error.

    Regardless of the foregoing, what is abundantly clear is that
the "corrected" Deed did not surface until more than a week after
the issuance of Spain III when apparently plaintiff re-recorded the
Deed to reflect the supposedly new grantee information.  Therefore,
plaintiff cannot satisfy the first criteria for newly discovered
evidence because the "corrected" Deed was not in existence until
after Spain III.

    For that same reason, plaintiff cannot show that the
"corrected" Deed could have been discovered with the
exercise of due diligence.  Obviously a document which, in effect,
did not come into existence until after the court ruled could not
have been discovered through due diligence prior to that time.
Moreover, as previously discussed, plaintiff essentially admits
that he did not act with due diligence in terms of recognizing this
supposed "typographical" error in the Warranty Deed until after

Spain III.  Plaintiff's failure to exercise due diligence is all the more apparent given that in moving to dismiss based upon the original Warranty Deed, the defendants argued that as a trust beneficiary plaintiff did not have standing.  See, e.g., Mot. (doc. 138) at 8, n.3; and Mot. (doc. 156) at 5.  Thus, at the latest, plaintiff was alerted to the clear language of the Warranty Deed at that time.  If plaintiff believed that the original Deed was in error, he could have attempted to rectify the situation at that time, but he did not.  What is more, plaintiff does not make any attempts to satisfy the due diligence element on this motion.

Plaintiff's lack of due diligence and his inability to show that the "corrected" Deed existed at the time of Spain III "obviates the need to consider" whether that Deed "is of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" Daghlian v. DeVry University, Inc., 582 F.Supp.2d 1231, 1254 (C.D.Cal. 2007) (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987)) (other citation omitted).  Nonetheless, the court notes that the "corrected" Deed would not have changed the result in Spain III primarily because it is inadmissible.

In his supporting affidavit, plaintiff avers that the "corrected" Deed is a "true and correct cop[y][.]" Aff. (doc. 263) at ¶ 4.  That does not change the fact that plaintiff, the grantee, has not shown that the grantor's original intent was to convey the subject property to plaintiff in his individual as opposed to his beneficiary capacity.  If, as plaintiff states, the claimed "typographical error" was made by another," then clearly plaintiff, as grantee, lacks the requisite personal knowledge as to the

grantor's intent.  See Reply (doc. 262) at 1.  Simply put, on this record the court cannot find that the "corrected," re-recorded Deed is admissible.  It necessarily follows that that Deed does not change the court's prior determination that plaintiff lacks standing.

Lastly, to the extent that plaintiff is attempting to rely upon the stock certificate to establish his standing, that argument also lacks merit.  Procedurally it is too late in the day for plaintiff to raise this argument in that he attaches that stock certificate to his reply.  As set forth earlier, however, a party cannot rely upon Rule 59(e) to present evidence for the first time which they reasonably could have raised earlier in the litigation.  Carroll, 342 F.3d at 945.  Plaintiff attempts to justify his tardiness by explaining that the stock certificate "had to be procured from [its] safe keeping and w[as] not, due to the short amount of time allowed for the filing of" this motion "available for attachment to the motion itself."  Reply (doc. 262) at 2.  The court's copy of the stock certificate is not entirely legible.  What the court is able to discern though is that the certificate was signed on November 21, "19__."  Id. at 4.  Irrespective of what the illegible numbers are, obviously this document could reasonably have been provided to the court long before now.  Thus, on this reconsideration motion plaintiff cannot rely upon the stock certificate to show he has standing.

Overlooking plaintiff's tardy reliance upon this stock certificate would not change the result here because substantively plaintiff's reliance upon that document also is misplaced.  Plaintiff claims that this stock certificate "further bears out the

1  ownership issue." Id. at 1-2.  The court is at a loss, however, to
2  see how this stock certificate, indicating that he is "the owner"
3  of 550 shares of capital stock of Aurora, establishes his ownership
4  interest in the real property at issue so as to confer standing
5  upon him.  Not only that, as the court explained in Spain v. EMC
6  Mortgage Co., 2008 WL 752610, at *6 (D.Ariz. Mar. 18, 2008) ("Spain
7  I"), even as a shareholder, plaintiff lacks standing.  Thus,
8  whether viewed procedurally or substantively the stock certificate
9  does not warrant the "extraordinary remedy" of reconsideration.
10 See Carroll, 342 F.3d at 945 (internal quotation marks and citation
11 omitted).

    Before concluding, the court is compelled to comment, as it
has previously, upon the manner in which plaintiff has conducted
this litigation.  In Spain I, the court explicitly "caution[ed]"
plaintiff "regarding the use of the courts in a vexatious fashion."
Id. at *8.  Quoting from Molski v. Evergreen Dynasty Corp., 500
F.3d 1047 (9th Cir.2007), this court reminded plaintiff Spain that
"'[f]lagrant abuse of the judicial process cannot be tolerated
because it enables one person to preempt the use of judicial time
that properly could be used to consider meritorious claims of other
litigants." Id. (quoting Molski, 500 F.3d at 1057) (internal
quotation marks and citation omitted)).  This court in Spain I
expressly found, "at this juncture the plaintiff has not engaged in
a flagrant abuse of the judicial process[.]" Id. (internal
quotation marks and citation omitted).  At the same time, however,
the court also found that, "[g]iven his numerous filings, most of
them wholly without merit, coupled with the tone and form of those
filings, plaintiff [had come] . . . dangerously close to crossing

the line from permissible use of the judicial process to flagrant abuse[.]" Id.

The manner in which plaintiff has continued to conduct this litigation since Spain I has done nothing to dispel the court of this view. The court is seriously considering entering a pre-filing order basically precluding any further filings by plaintiff in this action. Such an order also might, perhaps, preclude plaintiff from any further filings generally as to the transaction which is the subject of this lawsuit and which, to a certain extent, was the subject of a prior District of Arizona Bankruptcy proceeding, and the related action of Spain v. Eaglebruger Law Group, 06-0712-PHX-ROS.[4] Keenly aware of the ramifications of such an order, however, the court hereby gives plaintiff notice, in accordance with De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) and its progeny, that it is considering entering such an order. As the Hennessey line of cases requires, plaintiff shall have an opportunity to be heard in this regard. Thus, plaintiff shall have 15 days from the date of entry of this order in which to file and serve a memorandum of law and any supporting documentation which he deems appropriate directed to the issue of the propriety of entering a pre-filing order herein. Defendants shall have 10 days thereafter in which to file and serve a response, if any. No reply shall be permitted unless so directed by the court.

### *Conclusion*

For the reasons set forth herein, the court hereby ORDERS that: Plaintiff's "Motion for a New Trial Rehearing, and

---

[4] The history of that prior litigation and its relationship to the current action is set forth in full in Spain I, 2008 WL 752610.

- 15 -

Reconsideration"(doc. 253) is DENIED.

    The court further ORDERS that plaintiff B. Spain shall have 15 days from the date of entry of this order in which to file and serve a memorandum of law and any supporting documentation which he deems appropriate directed to the issue of the propriety of entering a pre-filing order herein. Defendants shall have 10 days thereafter in which to file and serve a response, if any. No reply shall be filed without permission of the court.

    DATED this 19th day of August, 2009.

                  /s/ John C. Broomfield
                  _____
                  Robert C. Broomfield
                  Senior United States District Judge

Copies to counsel of record