**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| B. Spain, | ) |
| | ) |
| Plaintiff, | )   No. CIV 07-0308-PHX-RCB |
| | ) |
| vs. | )   O R D E R |
| | ) |
| EMC Mortgage Company, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Currently pending before the court is "<u>B. Spain's F.R.Civ.P. *r* 59(a)(1)(B) motion for a new trial in response to Robert C. Broomfield's September 27th 2010 order enjoining B. Spain from filing in 'this court' and denial of a Motion for a Pretrial Scheduling Conference/Notice to the Chief Judge of the District Arizona of unprofessional conduct in re Robert C. Broomfield's mishandling of the proceedings in this instant case</u>[]" (Doc. 278).

On September 27, 2010, this court issued a pre-filing order finding that plaintiff *pro se* Spain "has engaged in vexatious litigation in the present action." <u>Spain v. EMC Mortgage Co.</u>, 2010 WL 3940987, at *13 (D.Ariz. Sept. 27, 2010) (Doc. 277). Hence,

1  among other things, this court directed that "because this action
2  is closed, no further pleadings or motions are allowed herein[.]"
3  Id.  The court also prohibited plaintiff from filing any other
4  actions in this District Court "pertaining to the underlying real
5  property transaction, *i.e.*, the Alpine property, which is the
6  subject of this lawsuit, without complying with the following
7  procedure."  Id.  The court then outlined a procedure whereby
8  plaintiff shall lodge a proposed complaint for this court's review
9  before he can proceed with such further actions in this court.  See
10 id.
11      Despite the foregoing, on October 18, 2010, pursuant to Fed.
12 R. Civ. P. 59(a)(1)(B), plaintiff Spain filed a motion for a new
13 trial (Doc. 278).  Because that motion was inadvertently filed in
14 contravention of this court's pre-filing order, the court hereby
15 ORDERS the Clerk of the Court to rescind the filing of that motion
16 (Doc. 278), and deem it to have been lodged with the court on
17 . . .

October 18, 2010.[1]  Defendants need not respond to that lodged motion.

   IT IS ORDERED.

   DATED this 21st day of October, 2010.

   /s/ Robert C. Broomfield
   Robert C. Broomfield
   Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*

---

[1] Reviewing this lodged motion, there are two glaring procedural irregularities. First of all, plaintiff expressly indicated that he is seeking a new trial pursuant to Fed. R. Civ. P. 59(a)(1)(B). Plaintiff never had a trial though, as ultimately the court granted defendants' motions to dismiss. Obviously then, plaintiff's reliance upon that particular Rule is wholly misplaced.
Giving plaintiff the benefit of the doubt, once again, perhaps he intended to rely upon subsection (e) of Rule 59. That Rule governs motions to alter or amend judgments. If so, that reliance would be misplaced as well because the September 27, 2010, pre-filing order was not a judgment. Judgment was entered in this case on February 24, 2009. Doc. 252. So, if plaintiff actually intended this to be a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), this motion is untimely, as it was not made within 28 days after entry of the judgment. In any event, it seems unlikely that plaintiff intended the present motion to be construed as a motion to alter or amend judgment, as he previously timely filed such a motion (Doc. 253) after entry of the February 24, 2009 judgment; and the court denied that motion. Doc. 267.

- 3 -